UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARCY PANETTA,

                              Plaintiff,

        v.                                      07-CV-1265

MICHAEL J. ASTRUE,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

On December 5, 2007, Plaintiff Darcy Panetta filed a Complaint seeking judicial review of the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405. Dk. No. 1. Defendant Commissioner of Social Security filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dk. No. 6.

The Social Security Act precludes judicial review of any "finding [ ] of fact or decision of the Secretary" except as provided in Section 405(g). Weinberger v. Salfi, 422 U.S. 749, 757 (1975); 42 U.S.C. § 405(h). Section 405(g) limits judicial review to "a final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g); see also Califano v. Sanders, 430 U.S. 99, 107 (1977). Accordingly, the Supreme Court held that the Commissioner's denial of a petition to reopen a final decision without a hearing was not an agency action subject to judicial review. Califano, 430 U.S. at 108. Califano provides an exception, however, for "colorable constitutional claims" relating to an agency decision,

because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Id. at 109; see also Calapa v. Shalala, 99 F.3d 400 (2d Cir. 1995) (unpublished); Latona v. Schweiker, 707 F.2d 79, 81 (2d Cir. 1983); Canales v. Sullivan, 936 F.2d 755, 758 (2d Cir. 1991) (noting that federal courts cannot ordinarily review Commissioner's denial of a request to reopen a claim).

Here, Plaintiff was denied benefits, her request for reconsideration was denied, her request for a hearing was dismissed as untimely, and her request for review of the dismissal of her request for a hearing also was dismissed as untimely. Because Plaintiff is not seeking review of a final agency decision made after a hearing and she is not asserting any constitutional claims, the case is not subject to judicial review.

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

IT IS SO ORDERED.

Dated:   February 25, 2009

*[signature: Thomas J. McAvoy]*
Thomas J. McAvoy
Senior, U.S. District Judge